IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE NEIMAN MARCUS GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| DOE NO. 1. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff The Neiman Marcus Group, Inc. ("Neiman Marcus") hereby states as follows:

### Jurisdiction and Venue

1.      This is a civil action seeking a declaratory judgment of non-infringement under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201 *et seq.*; 28 U.S.C. §§ 1331 and 1338(a), and under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

3.      This Court has personal jurisdiction over Doe No. 1 ("Defendant").  Although the true identity of Defendant is unknown to Neiman Marcus at this time, on information and belief, Defendant, acting through its agent, purposefully directed acts at Neiman Marcus, resident in this district, giving rise to this Complaint, and Defendant's agent, IP Nav, is resident in and has regularly and actively conducted business in this judicial district.

4.      Venue in this District is proper under 28 U.S.C. § 1391(b), 28 U.S.C. § 1391(c), and/or 28 U.S.C. § 1400(a).  Although the true identity of Defendant is unknown to Neiman Marcus at this time, on information and belief, venue is proper because: (i) a substantial portion

of the events giving rise to this action occurred in this judicial district; (ii) Defendant is subject to personal jurisdiction in this District; and (iii) Defendant, acting through its agent resident in this district, purposefully directed acts at Neiman Marcus, also resident in this district, giving rise to this Complaint.

## Parties

5.      Plaintiff The Neiman Marcus Group, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in Dallas, Texas.

6.      The true name and capacity of Defendant is unknown to Neiman Marcus at this time.   Defendant is known to Neiman Marcus only by the acts of Defendant's agent, IP Navigation Group, LLC ("IP Nav").   IP Nav sent a letter to Neiman Marcus on behalf of Defendant, IP Nav's "client" and an unnamed patent holder, asserting that Neiman Marcus infringes Defendant's patents (the "asserted patents"). (*See* Exhibit A, IP Nav Letter.)  Neiman Marcus believes that information obtained by discovery on IP Nav will lead to the identification of Defendant.

## Acts Giving Rise to the Claims

7.      For over a century, Neiman Marcus has been a premier luxury retailer dedicated to providing its customers with distinctive merchandise and superior service.  Neiman Marcus' renowned retail stores offer upscale assortments of apparel, accessories, jewelry, beauty and decorative home products to the affluent consumer.  Neiman Marcus also conducts print catalog and online operations under the Neiman Marcus, Horchow, Bergdorf Goodman and Last Call brand names.  In connection with its business, Neiman Marcus makes and/or uses application programs.  Depending on the context and meaning of the word "automated," it may be said that certain of Neiman Marcus' application programs are "automated."

8.      Neiman Marcus received a letter from IP Nav dated April 15, 2013 and entitled "Proposal to Negotiate Patent License."  (*See* <u>Exhibit A</u>, IP Nav Letter.)

9.      The letter states that IP Nav has been engaged by Defendant, an unnamed holder of "valuable patents in the field of automation of application programs."  IP Nav indicates that it has conducted an "analysis" of Neiman Marcus's "products" and, if and only if a condition precedent is met, "intends to identify specific patents and provide information outlining the basis for any license under the patents."

10.     The letter demands that Neiman Marcus enter into discussions with IP Nav regarding a license agreement with Defendant.  As a condition precedent to disclosing the identity of "specific patents," the "basis for any license under the patents," and Defendant's "basic licensing structure," the letter states that Neiman Marcus must sign the attached "Confidentiality and Forbearance Agreement" (hereinafter "the Agreement").

11.     The Agreement provides that IP Nav, on behalf of Defendant, and Neiman Marcus would "engage in confidential discussions to determine whether [Neiman Marcus] may benefit from a license to certain patents owned by the confidential client."  (*See* <u>Exhibit A</u>, IP Nav Letter.)   Although the Agreement requires that the information disclosed during the confidential discussions would not form the basis for legal proceedings, there is no provision preventing Defendant from bringing an action for infringement against Neiman Marcus during the term of the Agreement or otherwise.  Nevertheless, the Agreement seeks to require that Neiman Marcus waive its right to bring a declaratory judgment claim against Defendant and/or IP Nav.  The letter demands a response within 14 days and demonstrates that Defendant is prepared and willing to enforce its alleged patent rights and file suit against Neiman Marcus.

12.      IP Nav's letter on behalf of Defendant is:

> "an unmistakable and intentional warning shot across the bow.
> The *actual* message is pellucid to any patent litigator, so that IP
> Nav's use of apophasis is disingenuous and unavailing.  Remember
> Mark Antony's funeral oration in *Julius Caesar*?  That's how an
> experienced business executive or lawyer would view IP Nav's
> assertions that 'we are focused on addressing these issues without
> the need for costly and protracted litigation' and 'our client's
> preferred approach is to conclude licensing discussions without
> resorting to litigation.  We hope you share this objective.'  The
> implied '*or else!*' oozes from this letter like lye from lutefisk.  To
> paraphrase an observation attributed to Anton Chekhov, you don't
> hang a gun over the mantle in Act I unless someone is going to fire
> it in Act III."

(*See* Exhibit 2, *Renaissance Learning v. DOE NO. 1*, Case No. 3:11-cv-00166-SLC

(Memorandum and Decision, pp.6-7) (W.D.Wi. Nov. 29, 2011) (emphasis in original).)

13.      Notwithstanding IP Nav's express avoidance of the word "infringement," the

letter at Exhibit A establishes that Defendant concludes and alleges that Neiman Marcus's

products or services infringe on one of more of Defendant's patents.  "The *Duck Test* holds that

if it walks like a duck, swims like a duck and quacks like a duck, it's a duck."  (*See* Exhibit 2,

*Renaissance Learning v. DOE NO. 1*, Case No. 3:11-cv-00166-SLC (Memorandum and

Decision, p.2) (W.D.Wi. Nov. 29, 2011) (*quoting Lake v. Neal*, 585 F.3d 1059, 1059 (7th Cir.

2009)).)

14.      The letter demonstrates that, unless Neiman Marcus enters into both the

Confidentiality and Forbearance Agreement and later a licensing agreement with Defendant,

Defendant will take action – that is, file a lawsuit – against Neiman Marcus.  By virtue of the

allegations of IP Nav on behalf of and as agent of Defendant, Neiman Marcus has a reasonable

apprehension that Defendant will file suit against Neiman Marcus.

15.      Defendant's relationship with its agent, IP Nav, further demonstrates that Neiman

Marcus has a reasonable apprehension that Defendant will file suit against Neiman Marcus.  IP

Nav specializes "monetizing" patents – including using the threat of litigation as leverage in its business – and represents numerous patent infringement plaintiffs including Parallel Iron, Walker Digital, PACid, and others.

16.    Neiman Marcus makes and/or uses application programs in connection with its business.  Depending on the context and meaning of the word "automated," it may be said that certain of Neiman Marcus' application programs are "automated."

17.    Neiman Marcus is not aware, and has no reason to believe, that its manufacture and/or use of application programs, including, for example and without limitation, "automated" application programs, are infringing on any claims of any valid patents.  Neiman Marcus expressly states that it is entitled to make, use, offer for sale, sell, and otherwise commercially exploit its products and services without interference from Defendant or its agent, IP Nav.

18.    By the allegations, threats, conduct, and actions of Defendant, acting by and through its agent, IP Nav, Defendant has created an actual and justiciable case and controversy between itself and Neiman Marcus concerning whether Neiman Marcus is infringing any valid and enforceable claim of the asserted patents.  Neiman Marcus is now in the intolerable position of being pressured to choose between waiving its legal rights pursuant to the terms of the proposed Agreement or subjecting itself to an ongoing threat of litigation and unspecified infringement allegations.  Neiman Marcus refuses to make such a choice and, instead, seeks declaratory relief as to its rights now.

**Count I**
**Declaratory Judgment**

19.    Neiman Marcus hereby incorporates by reference each and every allegation set forth in Paragraphs 1 through 18 of this Complaint as if fully set forth and restated herein.

20.     Neiman Marcus is not aware, and has no reason to believe, that any of the application programs, including, for example and without limitation, "automated" application programs, that it makes and/or uses in connection with its business is infringing upon any valid claims of the asserted patents.

21.     Defendant has engaged in a course of conduct that demonstrates a preparedness and willingness to enforce its alleged patent rights and file suit against Neiman Marcus.  Under all the circumstances, a substantial controversy exists between Neiman Marcus and Defendant, because the parties have adverse legal interests that are real and substantial.  Neiman Marcus is being forced to choose between abandoning its rights or risking prosecution.  Thus, the issuance of a declaratory judgment is warranted.

**WHEREFORE**, Neiman Marcus respectfully prays that the Court enter judgment in its favor and award the following relief against Defendant:

A.     Declare that Neiman Marcus has not infringed and is not infringing any valid claims of Defendant's patents;

B.     Permanently enjoin Defendant and its officers, directors, agents, servants, employees and attorneys, and any and all persons in active concert or participation with any of them, from asserting, stating, implying or suggesting that Neiman Marcus and/or any of its respective officers, directors, agents, servants, employees, subsidiaries or customers, infringe any valid claims of Defendant's patents;

D.     Award Neiman Marcus its costs and reasonable attorneys' fees incurred in connection with this action; and

E.     Award and grant Neiman Marcus such other and further relief as the Court deems just and proper under the circumstances.

## **Jury Demand**

Neiman Marcus respectfully requests a jury trial of all issues so triable.

April 30, 2013                                  Respectfully submitted,

                                                BRYAN CAVE, LLP


                                                 /s/ Thomas J. Adair
                                                Thomas J. Adair
                                                Texas Bar No. 24047753
                                                BRYAN CAVE, LLP
                                                JP Morgan Chase Tower
                                                2200 Ross Avenue, Suite 3300
                                                Dallas, TX 75201
                                                Tel: (214) 721-8000
                                                thomas.adair@bryancave.com

                                                *OF COUNSEL*
                                                *(Pro Hac Vice Admission to be Requested)*
                                                Daniel A. Crowe
                                                Nick E. Williamson
                                                BRYAN CAVE, LLP
                                                One Metropolitan Square
                                                211 North Broadway, Suite 3600
                                                St. Louis, MO 63102-2750
                                                Tel: (314) 259-2000
                                                dacrowe@bryancave.com
                                                nick.williamson@bryancave.com


                                                *Attorneys for Declaratory Judgment Plaintiff*
                                                *The Neiman Marcus Group, Inc.*