IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE NEIMAN MARCUS GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:13-cv-01651-K |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| DOE NO. 1. | ) | |
| | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF THE NEIMAN MARCUS GROUP, INC.'S
<u>MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY</u>**

Limited and immediate discovery upon Defendant Doe No. 1's agent, IP Navigation Group, LLC ("IP Nav"), is necessary so that Plaintiff The Neiman Marcus Group, Inc. ("Neiman Marcus") may determine the identity of Defendant and the asserted patents it purports to own. Neiman Marcus, absent such discovery, cannot procure information necessary for this litigation to proceed. Specifically, Neiman Marcus seeks the Court's permission to serve a Rule 45 subpoena on IP Nav seeking two things, and two things only:

➢ Defendant's identity (*i.e.*, name, address, telephone number); and

➢ The registration number for each asserted patent.

Defendant's agent, IP Nav, refused to provide this information both (i) in Defendant's demand letter and (ii) upon subsequent request from Neiman Marcus.[1] Defendant, through IP Nav, is attempting to conceal these key facts and prevent Neiman Marcus from properly seeking judicial relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. Without limited and immediate discovery, Neiman Marcus will be denied an appropriate forum in which to address

---

[1] Before filing this lawsuit, counsel for Neiman Marcus called the letter's signatory, Lucia Alvarado, and asked her to identify the name of the patent owner and the patents referenced in Defendant's letter. Ms. Alvarado refused to provide that information unless Neiman Marcus signed the "Confidentiality and Forbearance Agreement."

Defendant's infringement allegations and, further, will be left with the dilemma of either waiving its legal rights (by negotiating with Defendant through IP Nav) or continuing to operate its business under Defendant's threat of liability for patent infringement and damages.

This Court should grant Neiman Marcus leave to serve limited, immediate discovery on IP Nav to identify the Defendant and the asserted patents so that this dispute may properly proceed under the Declaratory Judgment Act.

## I.      DEFENDANT'S LETTER REGARDING INFRINGEMENT.

Neiman Marcus recently received a letter from Defendant's agent, IP Nav, dated April 15, 2013 and entitled "Proposal to Negotiate Patent License." (*See* Complaint, Exhibit A.) Neither Defendant nor its purported patents are identified in that letter, which simply describes Defendant as an unnamed holder of "valuable patents in the field of automation of application programs." (Complaint, Exhibit A, p.1.)

The letter does demonstrate, *inter alia*, that Defendant (or its agent) has conducted an "analysis of [Neiman Marcus'] products" and "intends to identify specific patents and provide information outlining the basis for any license under the patents." (*Id*.)  Such "specific patents" have not yet been identified by IP Nav, but are encompassed by the intended subpoena.

Defendant and IP Nav continue to demand that – before disclosing the identity of Defendant, its alleged patents, and other facts (*e.g.*, the "basis for any license under the patents," and Defendant's "basic licensing structure") – Neiman Marcus "agree to confidentiality and not to institute litigation against [Defendant] on the basis of [Defendant's] request to seek amicable licensing discussions." *Id.*  The "Confidentiality and Forbearance Agreement" documenting that stipulated agreement provides, in part:

> Each Party agrees that neither the request to engage in licensing discussions, nor
> the existence of licensing discussions under this Agreement, nor information

...

> disclosed during the course of those discussions under this Agreement shall form the basis for instituting legal proceedings against the other Party. Without limiting the preceding sentence, Company agrees that it will not bring an action for Declaratory Judgment against IPNav during the term of this Agreement.

(*Id.* p.3, ¶ "Forbearance".)

The letter expresses a desire to begin discussions at Neiman Marcus' "earliest convenience" and sets a brief, fourteen day, deadline for Neiman Marcus to accept Defendant's proposal and enter into the "Confidentiality and Forbearance Agreement." (*Id.* p.2.)

Defendant's letter and proposed agreement, sent by IP Nav, establish that:

(1) The unnamed Defendant has determined that Neiman Marcus infringes upon certain patent rights "in the field of automation of application programs" allegedly held by Defendant (*Id.* p.1);

(2) The unnamed Defendant has retained and instructed IP Nav to, at Neiman Marcus' "earliest convenience," negotiate a patent license for Defendant with Neiman Marcus (and on Defendant's terms) (*Id.*); and

(3) In order to discover the identity of Defendant and the asserted patents, Neiman Marcus must bow to Defendants' demand and enter into an agreement barring Neiman Marcus from seeking declaratory judgment relief against both Defendant and IP Nav. (*Id.* p.3, ¶ "Forbearance".)

Defendant's letter, sent discreetly by its agent IP Nav, unquestionably and obviously raises infringement allegations and the prospect of potential liability. Indeed, Defendant has engaged in a course of conduct that demonstrates a preparedness and willingness to enforce its alleged patent rights and file suit against Neiman Marcus. Faced with the threats raised in Defendant's letter, Neiman Marcus filed its Complaint for Declaratory Judgment.

Neiman Marcus is not aware, and has no reason to believe, that any of its application programs, including, for example and without limitation, "automated" application programs, are infringing on any valid patent claims. (Complaint, ¶17.) Neiman Marcus is now in the intolerable position of being pressured to choose between waiving its legal rights pursuant to the terms of the proposed Agreement or subjecting itself to an ongoing threat of litigation and

unspecified infringement allegations. (*Id.*, ¶18.) Neiman Marcus refuses to make such a choice and, instead, seeks declaratory relief as to its rights now. (*Id.*)

## II.  IP NAV'S PATENT ENFORCEMENT EFFORTS.

This is not IP Nav's first rodeo. IP Nav specializes in "monetizing" patents – including using the threat of litigation as leverage in its business – and represents numerous patent infringement plaintiffs including Parallel Iron, Walker Digital, PACid, and others. (*Id.*, ¶15.)

In early 2011, IP Nav sent a nearly identical letter and proposed agreement to Renaissance Learning, Inc. ("Renaissance") on behalf of an unnamed, unidentified, patent holder. (*See* Complaint, Exhibit B, p.1.) Renaissance there faced the same unacceptable choice confronted by Neiman Marcus here – whether to bow to an anonymous third-party's demand and waive its legal rights or to continue its business, unabated, and leave open the threat of infringement litigation. Like Neiman Marcus, Renaissance refused to be limited to those intolerable choices, promptly sued the "Doe" patent holder, and obtained leave of court to seek immediate discovery from IP Nav. (*Id.*)

That court not only granted Renaissance's request to serve "IP Nav with a subpoena duces tecum that asked IP Nav to identify the patent holder and the registration numbers of the patents referenced in the IP Nav letter," but also found:

> …that IP Nav's meticulous attempt to create plausible deniability of any intent by Doe to sue Renaissance is futile and unpersuasive. The actual and intended message to Renaissance is loud and clear: negotiate a license with Doe quickly and confidentially or expect Doe to sue you. This case presents a sufficiently real and immediate controversy to establish declaratory judgment jurisdiction.

(*Id*. pp.1 and 7-9.)

## III.  ARGUMENT

### A.  Immediate Discovery Is Routinely Allowed to Identify "Doe" Defendants.

Expedited discovery to identify "Doe" defendants is routinely allowed both by courts

4

within this circuit[2/] and by various other circuit courts.[3/] Because Rule 26(d) of the Federal Rules of Civil Procedure generally bars discovery prior to the Rule 26(f) conference, expedited discovery must be supported by "some showing of good cause." *Paul v. Aviva Life and Annuity Co.*, 2009 WL 3815949, *1 (N.D. Tex. 2009) (*citing El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F.Supp.2d 986, 991 (S.D. Tex. 2004), *citing* 8 C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2046.1 (1994)).

Courts in the Fifth Circuit apply the "good cause" standard to requests for expedited discovery. *See*, *e.g.*, *id* and *Combat Zone Corp. v. John/Jane Does 1-2*, 2012 WL 6684711, *1 (E.D. Tex. Dec. 21, 2012). A more rigid test is not warranted. *St. Louis Group, Inc. v. Metals and Additives Corp., Inc.*, 275 F.R.D. 236, 239-240 (S.D. Tex. April 26, 2011).[4/]

---

[2/] *See*, *e.g.*, *Combat Zone Corp. v. John/Jane Does 1-2*, 2012 WL 6684711, *1 (E.D. Tex. Dec. 21, 2012) ("An increasing majority of district courts, including several in the Fifth Circuit, have adopted a 'good cause' standard to determine whether to permit such expedited discovery") (internal string citations omitted).

[3/] *See, e.g.*, *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (holding that it was error to dismiss unnamed defendants given possibility that their identity could be ascertained through discovery); *Valentin v. Dinkins*, 121 F.3d 72, 75–76 (2d Cir. 1997) (vacating dismissal because the plaintiff should have been permitted to conduct discovery to reveal defendant's identity); *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992) (holding it was error to deny plaintiff's motion to join John Doe defendant where identity of Doe could have been determined through discovery); *Muntz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985) (holding it was error to dismiss claim merely because defendant was unnamed; "Rather than dismissing the claim, the court should have ordered disclosure of the . . . Doe's identity."); *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980) (holding that where "party is ignorant of defendants' true identity … plaintiff should have been permitted to obtain their identity through limited discovery").

[4/] Although some courts require a showing of irreparable injury (*see Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982)), that "*Notaro*" standard was intended for application where a plaintiff sought expedited discovery *in lieu of* a preliminary injunction hearing and, further, has been criticized as overly "rigid" and based on an outdated version of Rule 26. *See*, *e.g.*, *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002).

5

Factors considered by courts when determining whether "good cause" supports expedited discovery include:

> (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.

*St. Louis Group*, 275 F.R.D. at 240, n.4 (noting that all factors may not be suitable to all cases) (internal quotation and citation omitted).

### B. Good Cause Exists For Immediate Discovery to Identify Defendant and the Asserted Patents.

In the first instance, it is important to note that Neiman Marcus' need for immediate discovery is great – Defendant <u>cannot be served</u> with process and this declaratory judgment lawsuit <u>cannot proceed</u> so long as Defendant's identity remains concealed. At least one court in this circuit has properly recognized that several "courts have allowed limited, expedited discovery when failing to do so would have substantially impacted the case from progressing on the court's docket." *St. Louis Group*, 275 F.R.D. at 241 (internal string citations omitted). Neiman Marcus' request for immediate discovery falls well in advance of the typical discovery process because, absent the identity of Defendant and its asserted patents, that "typical discovery process" cannot begin. *See St. Louis Group*, 275 F.R.D. at 240, n.4.

Further, the remaining, applicable, factors noted in *St. Louis Group* unequivocally demonstrate that Neiman Marcus' request for expedited discovery is supported by "good cause."[5/] For example, Neiman Marcus' discovery requests to IP Nav are appropriately focused and narrowly drawn to cover only: (1) Defendant's identity and (2) the registration number for

---

[5/]   The first factor, "whether a preliminary injunction is pending," does not apply here. The court in *St. Louis Group* noted that each of the five factors may not be suitable for consideration in each and every determination. *St. Louis Group*, 275 F.R.D. at 240, n.4

6

each asserted patent. These requests do not seek any supposed "confidential" information and no protective order is necessary. Defendant's letter notes that IP Nav is already prepared to disclose this information at Neiman Marcus' "earliest convenience" (but only so long as Neiman Marcus waives its rights by executing the Confidentiality and Forbearance Agreement). (Complaint, Exhibit A, p.1.)

In addition, the purpose for which Neiman Marcus seeks immediate discovery is solely to obtain information necessary for this lawsuit to proceed. Neiman Marcus' narrowly tailored requests do not exceed the minimum information required to advance this lawsuit.

Lastly, there is no burden on IP Nav (or Defendant) to comply with the specific requests. As previously noted, IP Nav is already prepared to disclose the very information sought through expedited discovery. (Complaint, Exhibit A, p.1.) Moreover, the necessity of the narrowly tailored discovery to this lawsuit greatly outweighs any potential prejudice to IP Nav (or Defendant) in responding.[6] Defendant will also have an opportunity to object to the subpoena if it chooses to do so. Should the Court grants its Motion, Neiman Marcus will serve a subpoena on IP Nav within 7 business days. IP Nav can supply information to its unnamed "client" regarding the subpoena, and Defendant may raise any objections (*e.g.*, via a motion to quash) prior to the return date of the subpoena.

The Court should grant Neiman Marcus' Motion, as there is demonstrably "good cause" supporting the limited and expedited discovery necessary for this lawsuit to continue.

### C.  This Court Should Not Sanction Defendant's Attempt to Conceal its Identity and Avoid a Declaratory Judgment Lawsuit.

Finally, the policy underlying the Declaratory Judgment Act weighs strongly in favor of permitting the immediate discovery sought by Neiman Marcus. Defendant has accused Neiman

---

[6]  Again, none of the information sought by Neiman Marcus is confidential.

Marcus of patent infringement and is attempting to negotiate a license using the leverage of threatened litigation, all while hiding its identity and the asserted patents behind its agent (IP Nav). IP Nav calls this strategy "monetization" – but no matter the euphemism it is nothing more than a thinly-veiled attempt to avoid and undermine the Declaratory Judgment Act, which was enacted to prevent patent holders from the very strategy employed here by Defendant and IP Nav. Judge Markey of the Federal Circuit passionately described "the sad and saddening scenario that led to enactment of the Declaratory Judgment Act" as follows:

> In the patent version of that scenario, a patent owner engages in a *danse macabre*, brandishing a Damoclean threat with a sheathed sword. Guerrilla-like, the patent owner attempts extra-judicial patent enforcement with scare-the-customer-and-run tactics that infect the competitive environment of the business community with uncertainty and insecurity. Before the Act, competitors victimized by that tactic were rendered helpless and immobile so long as the patent owner refused to grasp the nettle and sue. After the Act, those competitors were no longer restricted to an *in terrorem* choice between the incurrence of a growing potential liability for patent infringement and abandonment of their enterprises; they could clear the air by suing for a judgment that would settle the conflict of interests.

*Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 734–35 (Fed. Cir. 1988) (citations omitted). Indeed, after quoting these observations of Judge Markey, the Federal Circuit recently concluded that "[t]he purpose of a declaratory judgment action cannot be defeated simply by the stratagem of a correspondence that avoids the magic words such as 'litigation' or 'infringement.'" *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1362 (Fed. Cir. 2009). The court went on to reason that "it is implausible (especially after *MedImmune* and several post *MedImmune* decisions from this court) to expect that a competent lawyer drafting such correspondence for a patent owner would identify specific claims, present claim charts, and explicitly allege infringement." *Id.* (referring to *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007), which held that subject matter jurisdiction under the Declaratory Judgment Act exists if "the facts alleged, under all the circumstances, show that

8

there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment").

As in *Hewlett-Packard*, Defendant should not be allowed to defeat this action simply by hiding its identity.  Upon being threatened with allegations of infringement and the not-so-subtle specter of litigation, Neiman Marcus is entitled to seek a declaration that it does not infringe the Defendant's patents.  Neiman Marcus faces a very real threat by virtue of Defendant's allegations of infringement.  This action for declaratory judgment is the appropriate response, and the identity of the Defendant is required to proceed.

## IV.     CONCLUSION

Good cause exists for Neiman Marcus to serve immediate and expedited discovery on IP Nav, without which Neiman Marcus cannot proceed with this lawsuit to resolve the threatened infringement liability raised by Defendant.  Accordingly, Neiman Marcus respectfully requests that the Court grant its motion for leave to take immediate discovery.

April 30, 2013                              Respectfully submitted,

                                              BRYAN CAVE, LLP

                                              __/s/ Thomas J. Adair_____
                                              Thomas J. Adair
                                              Texas Bar No. 24047753
                                              BRYAN CAVE, LLP
                                              JP Morgan Chase Tower
                                              2200 Ross Avenue, Suite 3300
                                              Dallas, TX 75201
                                              Tel: (214) 721-8000
                                              thomas.adair@bryancave.com

                                              *OF COUNSEL*
                                              *(Pro Hac Vice Admission to be Requested)*
                                              Daniel A. Crowe
                                              Nick E. Williamson
                                              BRYAN CAVE, LLP
                                              One Metropolitan Square
                                              211 North Broadway, Suite 3600
                                              St. Louis, MO 63102-2750
                                              Tel: (314) 259-2000
                                              dacrowe@bryancave.com
                                              nick.williamson@bryancave.com

                                              *Attorneys for Declaratory Judgment Plaintiff*
                                              *The Neiman Marcus Group, Inc.*

**Certificate of Service**

  On April 30, 2013, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all known counsel and/or known pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2). A copy of the same has been served via electronic mail and U.S. Mail on the following:
:

  IP Navigation Group, LLC
  Erich L. Spangenberg
  Chateau Plaza
  2515 McKinney Ave, Suite 1000
  Dallas, TX 75201
  erich@ipnav.com

         __/s/ Thomas J. Adair_____
         *One of the Attorneys for Declaratory Judgment*
         *Plaintiff The Neiman Marcus Group, Inc.*